[No. 6694. Decided July 26, 1907.]

Spokane Valley Land and Water Company, *Appellant,* v. R. Madson *et al., Respondents.*[1]

Appeal—Decision—Law of Case—Judgment—Res Judicata—Issues Concluded. Where, upon an appeal, it is held that the vested rights of a littoral owner on a navigable lake were not affected by the adoption of the constitution and can be acquired only by the right of eminent domain, and an injunction was granted unless such proceedings be commenced, the decision is the law of the case, and on appeal from the subsequent condemnation proceeding between the same parties, it cannot be claimed that the owner of the property had no littoral rights by reason of the act of Congress of March 3, 1877, providing that surplus waters should remain free for the use of public irrigation; since such contention might have been raised in the prior suit.

Appeal from a judgment of the superior court for Spokane county, Huneke, J., entered October 23, 1906, upon the verdict of a jury, awarding damages occasioned to defendants through condemning and appropriating the waters of a lake. Affirmed.

*Happy & Hindman* and *Allen & Allen,* for appellant.

*Gallagher & Thayer,* for respondents.

Root, J.—This case was before the court once before and may be found reported in *Madson v. Spokane Valley Land etc. Co.,* 40 Wash. 414, 82 Pac. 718. The present appeal is from a judgment of the superior court awarding respondents damages, occasioned by appellant in condemning and appropriating the waters of a nonnavigable arm of Liberty lake.

[1]Reported in 91 Pac. 1.

The appellant contends that, inasmuch as the lands of respondents affected herein were acquired from the government subsequent to the act of Congress approved March 3, 1877, the owners of said lands have no littoral or riparian rights in the waters of the arm of the lake in question. The act of Congress provides, among other things, as follows:

"And all surplus water, over and above such actual appropriation and use, together with the water of all lakes, rivers, and other sources of water supply upon the public lands and not navigable, shall remain and be held free for the appropriation and use of the public for irrigation, mining and manufacturing purposes, subject to existing rights."

Appellant sustains its contention by an elaborate and able argument which would appeal with much force to the writer of this opinion were the question properly before the court at this time. But, in view of the former adjudication between these same parties relative to the same subject-matter, we are constrained to hold that this question is not now before us. It could have been (but was not) presented when the case was here before. The decision announced at that time must, for the purposes of the present hearing, be deemed binding as between the parties. The judgment from which this appeal is taken is based upon the verdict of a jury summoned to hear evidence and pass upon the question of damages. Certain errors are assigned upon the giving and refusal of instructions by the trial court. These all appear to turn upon the question just adverted to, or upon others which were, or should have been submitted at the former hearing. The jury having been properly instructed in accordance with the law of the case as theretofore announced by this court, we must hold the exceptions not well taken.

The judgment is affirmed.

HADLEY, C. J., MOUNT, CROW, and FULLERTON, JJ., concur.